# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:  Case No. 24-49003-mlo
  Chapter 13
BRANDON YOPP,
  Judge Maria L. Oxholm
    Debtor.
_____/

**STIPULATED PROTECTIVE ORDER IN CONNECTION WITH RULE 2004 EXAMINATION OF US PRINTING & PACKAGING, LLC**

Based on the stipulation of the Creditors[1] and USPP [ECF No. 28] (the "Stipulation"), the Court hereby enters this Protective Order which shall govern all documents and information that may be produced by USPP, in connection with the *Stipulated Order Directing Production of Documents of US Printing & Packaging, LLC* [ECF No. 27] (the "Rule 2004 Order").

**IT IS HEREBY ORDERED:**

1. USPP may designate as "Confidential" any information, documents, and/or testimony that USPP in good faith believes contains confidential or proprietary information.

2. All information and documents produced by USPP, whether or not designated as "Confidential," may be used by the Creditors solely for the purpose of

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the stipulation.

the Rule 2004 examination of USPP in this Bankruptcy Case, any adversary proceeding that may be brought in this Bankruptcy Case, or any non-bankruptcy court litigation among the Debtor, Brandon Yopp (the "Debtor"), the Creditors, and USPP including, but not limited to, the State of Michigan, Oakland County Circuit Court matter of *Hatteras, Inc. and I Am Detroit, Inc. v. Brandon Yopp,* Case No: 2021-18976-CB.

    3. The confidentiality rules set forth by this Protective Order apply to Creditors as well as their counsel.

    4. Creditors shall not disclose any information or documents designated by USPP as "Confidential" except as follows:

    a. to Creditors' legal counsel, executives, and/or shareholders;

    b. to the Office of the United States Trustee in connection with this bankruptcy proceeding;

    c. to this Court or any court or tribunal where disputes are pending between and among the Creditors, Debtor and/or USPP;

    d. to a witness at a deposition or at an in-court evidentiary hearing, and to the court reporter(s) in connection with the same; or

    e. to an expert or consultant retained by the Creditors who first agrees in a signed writing (to be provided to USPP) that he or she agrees to be bound by all provisions of this Protective Order.

5. Information or documents designated as "Confidential," including that contained in pleadings, motions, briefs, declarations, or exhibits, shall be submitted to this Court or any other court presiding over a case or controversy involving Debtor and the Parties in accordance with this Court's or other applicable court's policies and procedures for the filing of sealed documents.

6. Nothing in this Order shall preclude USPP from redacting information from any documents produced in connection with the Rule 2004 Order to the extent USPP believes the redacted information is legally privileged, and nothing in this Order shall preclude Creditors from challenging the confidentiality of any information or documents marked as "Confidential" by USPP or challenging USPP's redactions.

7. Should USPP inadvertently produce any information, documents or testimony that is subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which USPP would otherwise be entitled. Any inadvertently produced privileged materials shall be promptly returned upon the request of USPP.

8. Nothing in this Order shall preclude USPP or Creditors from seeking, or objecting to, further protections, and/or amendments to this Order.

**Signed on October 11, 2024**



/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**