UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:                                 Case No.: 24-49003
                                                           Judge: Hage
                                                           Chapter: 13

Brandon Yopp,
                         Debtor.
_____/

**RESPONSE TO MOTION TO DISMISS CHAPTER 13 CASE OR ALTERNATIVELY FOR RELIEF FROM ORDER EXTENDING STAY**

Now comes debtor by and through his attorney, HS&A P.C. and states the following as their Response to Motion to Dismiss Chapter 13 Case or Alternatively for Relief from Order Extending Stay:

1. Neither admit nor deny for the basis of when the Creditors have brought this Motion but further deny all allegations in paragraph one.
2. Denied as untrue as the Court will find there is no basis for relief requested.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Neither admit nor deny but leaves the Creditors to their proofs.
8. Admit that Creditor's Counsel alleged that they did not receive notice of the bankruptcy filing, even though the Creditors are properly listed on the matrix of the Court filing. Admit Debtor's Counsel did not concur in the request to set aside the Order Extending the Automatic Stay.
9. Admitted.
10. Neither admit nor deny but leaves the Creditors to their proofs.
11. Neither admit nor deny but leaves the Creditors to their proofs.
12. Neither admit nor deny but leaves the Creditors to their proofs.
13. Neither admit nor deny but leaves the Creditors to their proofs as to the default allegations but admit in part to the filing of the previous Chapter 13 Bankruptcy.
14. Neither admit nor deny but leaves the Creditors to their proofs but would further state their was no proof of the allegations Creditors continue to state as fact.
15. Admitted as true as Debtor has the absolute right to defend his case and have a

hearing held on any and all Motions within his Chapter 13 Bankruptcy Case.

16. Admitted as true.
17. Neither admit nor deny but leaves the Creditors to their proofs.
18. Admitted as true, upon request of representatives of USPP until such time they were able to secure their own Counsel.
19. Admitted.
20. Admitted as there were unresolved objections to Confirmation.
21. Neither admit nor deny but leaves the Creditors to their proofs. Attorney, Jason Yert, is not a member of Debtor's Counsel's firm and his actions or non-actions on behalf of the Debtor are not in knowledge of Debtor's Counsel.
22. Admitted as Debtor has an absolute right to Voluntarily Dismiss a Chapter 13 Bankruptcy pursuant to 11 USC § 1307(b).
23. Neither admit nor deny but leaves the Creditors to their proofs.
24. Neither admit nor deny but leaves the Creditors to their proofs.
25. Neither admit nor deny but leaves the Creditors to their proofs.
26. Admitted although the statement "unbeknownst to the Creditors" is misleading and factual inaccurate. Creditors were correctly listed on the matrix of the within Chapter 13 filing and therefore received notice from the United States Clerk's Office of the filing of this Chapter 13 Case.
27. Debtor's Counsel cannot attest to what Creditor's Counsel did or did not realize. What Debtor's Counsel can state is Creditors were properly listed on Schedule E/F of the original filing and on the Court Matrix. Pursuant to ECF#8 the Clerk's Office served Notice of Bankruptcy Filing on all Creditors on September 24, 2024, along with Debtor's Counsel serving the Debtor's Chapter 13 Plan on September 20, 2024, and Debtor's Counsel filing and serving the Motion to Extend Automatic Stay on Creditors on September 24, 2024.
28. Admitted.
29. Neither admit nor deny but leaves the Creditors to their proofs but would further state it is suspect that Creditor's Counsel states that never received the Notice of Bankruptcy Filing served out by the United States Clerk's Office, the Chapter 13 Plan nor the Motion to Extend the Automatic Stay, while stating their correct address is listed on the Matrix, in two (2) separate places, one for each creditor.
30. Denied as there is nothing "remarkable" about the fact that Debtor's counsel abided

by both the Federal Rules of Civil Procedure, 9014 and LBR 4001-4. Further Debtor denies Debtor Counsel had an obligation to request Creditor's concurrence in the filing of the Motion to Extend Stay as it is not governed by LBR 9014-1 as noted under subsection "(g)(14)" of the same Local Bankruptcy Rule.

31. Admitted as Debtor Counsel is under no obligation to contact the Creditor or Creditor's Counsel by email or telephone to notify them of the bankruptcy. To suggest that Creditor or Creditor's Counsel should receive some "special treatment" due to the history of the parties has no basis in law.

32. Admitted as Creditor Counsel was garnishing Debtor in violation of the Automatic Stay, 11 USC sec. 362.

33. Admitted.

34. Denied as untrue.

35. Admitted as the parties stipulated to the turnover of the requested documents upon the filing of this case, without objection.

36. Denied as untrue as there was no intention or malicious actions of bad faith or fraudulent concealment.

    a. The debtor believed the loan receivable due to him from USPP was in the normal course of business and one that would never be repaid until such time the business became profitable. Further the funds that were provided on behalf of Debtor were not his funds but were in fact, funds from third parties.

    b. As stated previously the funds provided for the growth of USPP were not Debtor's personal funds but funds received from third parties and therefore Debtor did not honestly believe they were his to receive back.

    c. While Debtor may have received these funds the original monies that were invested in USPP form the loan in December 2023 were returned, in most part, to the parties who had invested the funds.

    d. Debtor's interest in the business was reduced due to the other partners in the firm investing additional capital and to make all partners equal. In no way was this bad faith on any concealment by debtor by rather a normal business transaction.

37. Denied as untrue and Debtor would further state as all the alleged bad acts were done in the normal course of business and was in no way to hide or conceal anything from the Bankruptcy Court or Creditors.

38. Admitted as stated previously.

39. Admitted in part and denied in part as Creditor has conveniently left out large parts of Debtor's testimony.

40. Debtor truly believes these transactions were in the normal course of business and were not his personal debts but owed by and through USPP.

41. Admitted as true as Debtor was required to make these changes as a partner in USPP and were part of normal business transactions and in no way were done in bad faith or in an attempt to conceal or reduce any value of his interest in USPP.

42. Admitted as true as USPP is not profitable and has large amounts of outstanding debts to numerous vendors and creditors.

43. Admitted as true. Once again Creditor is twisting and manipulating facts for their own motive. While yes, USPP makes enough cash flow monthly to pay its employees, that does not mean the company is profitable or has any value.

44. Admitted as true. The debtor's personal income and assets are clearly outlined as well as his monthly budget which is line with the Federal Bankruptcy Code and Statues.

45. Admitted as there has been no distribution of profits of USPP in the pending bankruptcy as there have been none. Further, Debtor does not believe there are any avoidable transfers for the benefit of creditors.

46. Denied as untrue. Debtor has agreed to surrender the interest in Chevrolet Corvette to make the household budget to be more manageable. It became apparent to Debtor the household income could not sustain such a payment.

47. Denied and further states there is no basis to ask for dismissal under 11 USC § 1307 and a finding of good faith was made by the predecessor Judge Oxholm during the Motion to Extend the Automatic Stay.

48. Neither admit nor deny but leave the Creditors to their proofs but would further state there is no basis for a Motion to Dismiss.

49. Neither admit nor deny but would further state this Honorable Court through its predecessor Judge Oxholm did find a filing of good faith in the Motion to Extend the Automatic Stay. Further, debtor has brought this Chapter 13 Bankruptcy in good faith. He has taken steps to reduce his monthly expenses by surrendering a vehicle. He has entered a

good faith repayment with his creditors, while operating a business to help continue the plan of repayment. There has been no intent to deceive, conceal or hinder creditors or the Court.

50. Based upon the totality of the circumstances wherein this Honorable Court must look, shows this debtor has taken steps to repay his creditors by reducing his household expense and tightening the household budget to repay his creditors a fair repayment.

51. Neither admit nor deny but leaves the Creditors to their proofs.

52. Denied as untrue and would further state the allegations Creditors to make are at best misstatements or inadvertent omissions which do not rise to the level of bad faith.

  a. The investment of $100,000 to USPP in December 2023, while made by Debtor were from funds from third parties and therefore Debtor did not think of this as funds owed to himself.

  b. Debtor did not consider this as a loan due and owing to himself as these were not funds, he personal invested.

  c. The repayment of the investment in July 2024 was a repayment of the investment of the third parties which was made in the normal course of business.

  d. As the debtor never considered these his funds but rather a business transaction between USPP and the third parties he never thought this should be disclosed.

  e. Denied as untrue as this is not a false statement as gross income is not profit and Creditors' statement that it is false. USPP has significant debt to vendors and creditors and is not overall profitable.

  f. As this was a normal business transaction to bring all partners in USPP to equal footing and not a reduction or concealment of an asset this was merely overlooked.

  g. Denied as this is not a false statement as USPP is not overall profitable.

53. Neither admit nor deny but Debtor would state that the mere fact that a debtor inadvertently fails to list a reduction in a business asset or believes that a business transaction is that a business transaction and not a personal transaction does not rise to the level of "bad faith" or "fraudulent intent". While there is a list the Court *in Alt v. United States (In re Alt)* 305 F.3d 413 tin determining circumstances of whether a case was offered in "good faith" it is not exhaustive and that it is the "totality of the circumstances" that the Court must consider making a determination. *Hardin v. Caldwell (In Re Caldwell)* 851 F2d. 852 (6th Circuit).

54. Debtor did not make an intentional or fraudulent concealment of assets or transfers. Debtors' actions were of a Debtor running a business and the belief his actions were ones within a

business activity. In no way did Debtor actively hide or conceal anything.

55. Bankruptcy Code § 1307(c) says that the Court "may" dismiss or convert a Chapter 13 case "for cause." It does not require the Court to dismiss or convert the case if it finds that "cause" exists. "Whether cause exists [under Bankruptcy Code § 1307(c)] and, if so, whether the chapter 13 case should be dismissed or converted to chapter 7, are issues within the discretion of the bankruptcy court." *In re Soppick,* 516 B.R. 733, 745 (Bankr. E.D. Pa. 2014) (citations omitted). In fact, the Bankruptcy Court has "considerable discretion in determining whether cause exists and whether dismissal is the appropriate remedy."

56. Denied as untrue as stated previously. There was and is not any malicious intent on behalf of the debtor. Debtor has filed the within bankruptcy with a purpose consistent with the purpose and spirit of Chapter 13, a good faith attempts to repay his creditors.

57. Denied in part that Debtor was not honest and forthright. USPP is not overall profitable due to the large number of outstanding loans it has.

58. Denied as untrue. The mere fact Debtor has income from the business does not make a business profitable, it merely makes it functional.

59. Denied as untrue and as stated previously the factors as outline in *In Re Alt, id*, are not the only factors to take into consideration for whether a case was filed in good faith.

60. Denied as untrue. The debtor's overall household expenses are in line with, or not under the normal monthly expenses for his household. He has surrendered his interest in the Corvette. Further the food budget of $1100 for a family of five is at or below the IRS guidelines.

61. Denied as untrue overall.

    a. There is no basis for the previous adversary proceedings as allegations are not proof of anything and there has been no finding of fact.

    b. Denied as untrue and would further state the mere suggestion by Creditor of such behavior is outlandish.

    c. While Creditors may have the right to pursue such actions that do not alleviate the consequences of these actions.

    d. There is nothing convenient or suspicious about the voluntary dismissal of Chapter 13 when a Debtor is trying his best to pay his creditors in a forthright manner.

    e. Denied as untrue and Debtor further states that the prior adversary proceeding has no basis in law.

62. Denied as untrue and the mere fact that the debtor has refiled Chapter 13 has no bearing on whether it was filed in good faith. Debtor was led to believe by Creditor's Co-Counsel

through Debtors outside attorney that there was a reasonable and good faith belief the debt could be settled outside of the bankruptcy.

63. Denied as untrue and Creditor's Counsel continued statements as fact are only a way to mislead this, Court.

64. There is no basis in fact or evidence that USPP has any value or profitability. The debtor is repaying his creditors a reasonable and fair amount based upon his income and financial situation.

65. Bankruptcy Code § 1307(c) says that the Court "may" dismiss or convert a Chapter 13 case "for cause." It does not require the Court to dismiss or convert the case if it finds that "cause" exists. "Whether cause exists [under Bankruptcy Code § 1307(c)] and, if so, whether the chapter 13 case should be dismissed or converted to chapter 7, are issues within the discretion of the bankruptcy court." *In re Soppick,* 516 B.R. 733, 745 (Bankr. E.D. Pa. 2014) (citations omitted). In fact, the Bankruptcy Court has "considerable discretion in determining whether cause exists and whether dismissal is the appropriate remedy." A review of the debtor's actions and attempts to repay his creditors shows this case was filed in good faith.

66. Neither admit nor deny but leave the Creditor to their proofs.

67. Neither admit nor deny but leave the Creditor to their proofs.

68. Denied as untrue.

69. Denied as untrue and LBR 9014-1 does not apply to Motions to Extend Stay as stated clearly in LBR 9014-1(g)(14). Further it is questionable that Creditor's Counsel has not received any notices of any kind from the United States Bankruptcy Clerk or Debtor's Counsel.

70. Denied as untrue.

71. Admitted and this Honorable Courts predecessor Judge Oxholm made a ruling that case was filed in good faith. The creditor is attempting to get a second bite the apple.

72. Denied as untrue and a finding to the alternative has been found.

73. Denied as untrue. Debtor dismissed the previous bankruptcy based upon his good faith belief the creditors in question would negotiate with him in good faith.

74. There is no requirement to notify the Creditors of the filing of a Voluntary Dismissal as it is a Debtor's right to dismiss their case at any time.

75. Neither admit nor deny but leave the Creditor to their proofs and would further state that Debtor's Counsel personally placed the Motion to Extend Stay in the United States Mail to the Creditors.

76. Denied as untrue.

77. Denied as untrue as there is no basis to request such relief.

Wherefore, debtor requests this court to deny the Motion To Dismiss Chapter 13 Case or Alternatively, for Relief from Order Extending Stay,

Dated: December 2, 2024 /s/ Marguerite Hammerschmidt
Marguerite Hammerschmidt (P53908)
Attorneys for Debtor
70 W. Long Lake Rd., Suite 116
Troy, MI 48098
(248) 988-8335

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:                                        Case No.: 24-49003
                                                                   Judge: Hage
                                                                   Chapter: 13

Brandon Yopp,
                       Debtor.
_____/

**PROOF OF SERVICE**

       On the 2nd of December, 2024, a copy of Debtor's Response to Motion to Dismiss Chapter 13 Case or Alternatively, for Relief from Order Extending Stay and this Proof of Service were served electronically or by regular first class mail to the following:

   U.S. Trustee, 211 West Fort Street, Suite 700, Detroit, MI 48226;

   Chapter 13 Trustee, David Wm. Ruskin, 26555 Evergreen Rd, Suite 1100, Southfield, MI 48076

   Brandon Yopp, 55647 Worlington Lane, South Lyon, MI 48178

   Kimberly Ross Clayson, Attorney for I Am Detroit Inc., and Hatteras, Inc, 27777 Franklin Road, Suite 2500, Southfield, MI 48034

                                                    /s/ Marguerite Hammerschmidt
                                                    Marguerite Hammerschmidt
                                                  Employee of HS&A, P.C.